In re LASER ARMS CORPORATION SECURITIES LITIGATION.

Frank VAVRA; Mary Francis Vavra; Joseph F. Vavra; David Wolff; Gina Pierleoni; Anthony F. Viscardi; Ilene Dodd; Frank Viscardi; Twin V's Partnership; Gordon Swirsky; Kathleen Hernandez Jackman; William F. Pacific; Sydonia Buxbaum; Stanley Peltz; Michael Cosmano; Ricardo Triano; Larry G. Smith; Frank J. Corch; Norman T. McIver; John Jones; A.E. Randinsky, Plaintiffs–Appellants,

v.

DILLON SECURITIES, INC.; Edward A. Viner & Co., Inc.; First Jersey Securities, Inc.; Hill, Thompson, Magid & Co., Inc., Defendants–Appellees,

Brooks, Weinger, Robbins & Leeds, Inc.; Greentree Securities Corporation; Investors Center, Inc.; Laser Arms Corporation; Mikal & Company, Inc.; Oakwood Securities, Inc.; Philips, Appel & Walden, Inc.; S.W. DeVanney Co., Inc.; Teichberg, Loeb, Waxman & Rabinowitz, Inc.; Wien Securities, Inc.; Marshall Zolp; Fundamental Resources, Defendants.

No. 1644, Docket 92–7257.

United States Court of Appeals, Second Circuit.

Argued June 18, 1992.

Decided July 21, 1992.

Sindy R. Udell, New York City (Daniel W. Krasner, Eric B. Levine, Wolf Haldenstein Adler Freeman & Herz, of counsel, Pomerantz Levy Haudek Block & Grossman, New York City, Charles Piven, Baltimore, Md., Berman DeValerio & Pease, Boston, Mass., Lowey, Dannenberg, Bemporad Brachtl & Selinger, Sirota & Sirota,

Stull Stull & Brody, New York City, Morris and Rosenthal, Wilmington, Del., Law Offices of Joseph Weiss, New York City, on the brief), for plaintiffs-appellants.

Steven L. Lapidus, Newark, N.J. (Edward A. Hartnett, David E. Strand, Robinson, St. John & Wayne, Newark, N.J., of counsel), for defendant-appellee First Jersey Securities, Inc.

Before: MESKILL, Chief Judge, KEARSE and MINER, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment entered in the United States District Court for the Southern District of New York approving a partial settlement and dismissing all remaining claims against all remaining defendants in a consolidated class action. In a prior ruling, the district court, Cannella, *J.*, had, *inter alia*, dismissed two counts of the complaint against defendants-appellees First Jersey Securities, Inc. and Hill, Thompson, Magid & Co., Inc. Plaintiffs appeal only from that dismissal of those two counts, Counts One and Five.[1]

The final order approved a partial settlement and dismissed all claims against the nonsettling defendants. Therefore, there are no outstanding claims remaining to be decided by the district court and we have jurisdiction to hear this appeal. 28 U.S.C. § 1291.

Plaintiffs filed a consolidated class action complaint in response to an allegedly fraudulent scheme to distribute unregistered shares of a fictitious company. The complaint classified the defendants into three groups—the "Laser Arms defendants," the "Broker Dealer defendants" and the "Market Maker defendants," a subgroup of the Broker Dealer defendants. Defendants-appellees were named as Market Maker defendants.

Count One claimed that Market Maker defendants and other defendants had vio-

lated section 12(1) of the Securities Act of 1933, 15 U.S.C. § 77*l* (1). The district court dismissed that count against certain Market Maker defendants because they were exempt from section 12(1) liability pursuant to a dealer exemption in section 4(3)(A), 15 U.S.C. § 77d(3)(A).

Count Five alleged that the Market Maker defendants and other defendants had violated section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and rule 10b–5 promulgated thereunder, 17 C.F.R. § 240.10b–5. The court dismissed that count for failure to meet the pleading requirements of Fed.R.Civ.P. 12(b)(6) and 9(b).

The judgment of the district court is affirmed substantially for the reasons set forth in Judge Cannella's opinion published at 794 F.Supp. 475 (S.D.N.Y.1989).

---

**1.** Although appellants name Dillon Securities, Inc. and Edward A. Viner & Co., Inc. as defendants-appellees, the challenged order does not appear to have dismissed the claims as to those defendants and, understandably, those defen-

dants did not submit briefs with regard to the matter. Defendant-appellee Hill, Thompson, Magid & Co., Inc. notified us that it had agreed to settle the claim with appellants.